UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHY J. MITSCHER,

            Plaintiff,          1:17-cv-00466-MAT

     -v-                    **DECISION AND ORDER**

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

            Defendant.

_____


## INTRODUCTION

Kathy J. Mitscher ("Plaintiff"), represented by counsel, brings this action under Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner" or "Defendant"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g), 1383(c). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's motion is denied, and Defendant's motion is granted.

## PROCEDURAL BACKGROUND

On May 27, 2011, Plaintiff protectively filed for DIB and SSI, alleging disability beginning July 30, 2010. Administrative Transcript ("T.") 266. The claim was initially denied on September

12, 2011, and Plaintiff timely requested a hearing. T. 144-53. A hearing was conducted on February 15, 2013, in Buffalo, New York by administrative law judge ("ALJ") William M. Weir. T. 39-67. Plaintiff appeared with a paralegal as her representative and testified.

The ALJ issued an unfavorable decision on June 24, 2013. T. 113-29. Plaintiff then timely requested review of the ALJ's decision by the Appeals Council ("AC"). T. 189. On December 15, 2014, the AC remanded the case for further administrative proceedings. T. 130-35.

On June 8, 2015, Plaintiff appeared without an attorney and testified before ALJ Weir at a second hearing in Buffalo, New York. T. 68-96. A medical expert ("ME") and a friend of Plaintiff's also testified. *Id*. ALJ Weir issued a second unfavorable decision on December 22, 2015. T. 14-28. Plaintiff again requested review of the ALJ's decision by the AC. T. 229. The AC denied Plaintiff's request for review on May 9, 2017, making ALJ Weir's second decision the final decision of the Commissioner. T. 1-5. Plaintiff then timely commenced this action.

## THE ALJ'S DECISION

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. *See* 20 C.F.R. §§ 404.1520(a) and 416.920(a). Initially, the ALJ

found Plaintiff met the insured status requirements of the Act through December 31, 2015. T. 20.

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 30, 2010, the alleged onset date. *Id*.

At step two, the ALJ determined that Plaintiff had the following "severe" impairments: chronic obstructive pulmonary disease ("COPD"), a generalized anxiety disorder, a panic disorder, an alcohol abuse disorder in reported remission, scoliosis, and osteoarthritis. *Id*. The ALJ also determined that although the record contained several references to fibromyalgia, there was no evidence showing Plaintiff exhibited the symptoms associated with the impairment, nor did Plaintiff have the requisite number of tender point findings, and doctors had not yet excluded other impairments. Accordingly, the ALJ found that fibromyalgia was not one of Plaintiff's medically determinable impairments. T. 20-21.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ specifically considered Listings 1.04 (Disorders of the Spine), 3.02 (Chronic Bronchitis or Emphysema), 12.04 (Depressive, Bipolar and Related Disorders), and 12.06 (Anxiety and Obsessive-Compulsive Disorders). T. 21.

Before proceeding to step four, the ALJ then assessed Plaintiff as having the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), with these additional limitations: can only perform simple, repetitive tasks involving one or two steps that require no decisions as to method, quantity, or quality of production; and should not work in an environment where the air is not conditioned to OSHA standards for temperature, humidity, gases, or particulates. T. 23.

At step four, the ALJ concluded that Plaintiff was unable to perform any of her past relevant work as a cook at a truck stop. T. 29.

At step five, the ALJ relied on the interrogatory responses from a vocational expert ("VE") that a person of Plaintiff's age, education, work experience, and RFC, could perform the requirements of the following representative jobs that exist in the significant numbers in the national economy: Laundry Worker, II; Dishwasher/Kitchen Porter; and Dining Room Attendant. T. 30.

At step five, the ALJ accordingly found that Plaintiff has not been under a disability, as defined in the Act, since the application date. *Id.*

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual

4

findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. *See* 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## DISCUSSION

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ erred when he failed to evaluate or weigh the opinions of state agency review physician Dr. J. Dale and the opinion of pain specialist Dr. Joanne Wu after the AC directed him to weigh all medical source opinions on remand; and (2) the ALJ

erred when he failed to give good reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Vladimir Gaspar.

I. **The ALJ's Failure to Evaluate and Weigh the Opinions of Dr. Dale and Dr. Wu in His Second Decision Was Harmless Error**

Plaintiff argues the ALJ erred when he failed to evaluate or weigh the opinions of Dr. Dale and Dr. Wu, pursuant to the directives of the AC. Plaintiff further contends that this error was not harmless because the ALJ failed to incorporate any exertional limitations into the RFC finding. For the reasons discussed below, the Court agrees with the Commissioner that any error caused by the ALJ's failure to discuss the opinions of Dr. Dale and Dr. Wu was harmless.

A. **Opinion of State Agency Review Physician Dr. J. Dale**

On August 25, 2011, state agency review physician Dr. J. Dale completed a request from disability case analyst A. Bingenheimer for an RFC opinion. T. 531-32. Dr. Dale noted that x-rays and MRIs in the record showed Plaintiff had scoliosis, degenerative joint disease, and degenerative disc disease. Dr. Dale also noted the consultative examiner Dr. Harbinder Toor, who examined Plaintiff on August 3, 2011, had found a restricted range of motion in Plaintiff's cervical spine, lumbo-sacral spine, and shoulders. Based on a review of the record, Dr. Dale opined that Plaintiff should be able to lift fifty pounds occasionally and twenty-five pounds frequently during an eight-hour workday. Dr. Dale further opined that Plaintiff was restricted in stooping, bending, and

overhead reaching. Finally, Dr. Dale opined Plaintiff had respiratory environmental restrictions. T. 531. The ALJ did not mention Dr. Dale's opinion in either his first or second decision.

**B.    Opinion of Treating Pain Specialist Dr. Joanne Wu**

On June 13, 2012, pain management specialist Dr. Wu evaluated Plaintiff for her low back pain and shared her findings with Plaintiff's treating physician Dr. Gaspar. T. 571-74. Plaintiff reported she had been experiencing back pain for approximately one year and that it improved with walking and sitting. Plaintiff described the pain as progressive, sharp and stabbing. Plaintiff reported she had been taking opiods and Flexeril for the pain for two months, but the medications were not helping at that time. *Id*. Upon examination, Plaintiff's spine was positive for posterior tenderness; flexion, abduction, and external rotation tests ("FABERs") were positive on the left side; and there was bilateral S1 tenderness. There were no bone or joint symptoms. A straight leg raising test was negative and Plaintiff exhibited a normal gait and full range of motion in her lumbar spine. T. 573-74.

Dr. Wu assessed Plaintiff with low back pain radiating to both legs in sub-optimal control, chronic pain, and S1 dysfunction. She recommended Plaintiff try gabapentin and Cymbalta. Dr. Wu opined that Plaintiff could return to sedentary work for up to forty hours per week. T. 574.

In his first decision, dated June 24, 2013, the ALJ discussed Dr. Wu's findings, but did not treat her statements as an opinion. *See* T. 122-23. The ALJ did not discuss Dr. Wu's opinion in his second decision.

## C.    The AC's Remand Order

In its remand order dated December 15, 2014, the AC found that the original hearing decision did not contain an adequate evaluation of the non-treating and non-examining opinions in the record. The AC specifically addressed the ALJ's failure to discuss or weigh the opinions of state disability psychologist Dr. Thomas Andrews, who opined Plaintiff's mental impairments were nonsevere; consultative examiner Dr. Gregory Fabiano, who did not indicate Plaintiff had any mental limitations; and consultative examiner Dr. Robert Hill, who opined Plaintiff was limited to simple work and may have trouble dealing with stress. T. 132-33. Accordingly, the AC directed the ALJ to evaluate non-examining source opinions pursuant to the provisions of 20 C.F.R. §§ 404.1527(e) and 416.927(e) and Social Security Rulings ("SSR") 96-6p (S.S.A.), 1996 WL 374180 at *1 (July 2, 1996), and explain the weight given to such opinion evidence. *See* T. 133. It also directed the ALJ to evaluate the treating and non-treating source opinions pursuant to the provisions of 20 C.F.R. §§ 404.1527 and 416.927, and SSRs 96-2p (S.S.A.), 1996 WL 374188 (July 2, 1996) and 96-5p (S.S.A.), 1996 WL 374183 (July 2, 1996). The AC remand order made no mention of the

opinions of Dr. Dale and Dr. Wu. A reasonable inference from the AC's remand order is that the AC found no issue with the ALJ's discussion of Dr. Wu's findings or of his omission of Dr. Dale's opinion in the first opinion.

Nonetheless, the Commissioner's regulations direct the ALJ to evaluate every medical opinion he or she receives. *See* 20 C.F.R. §§ 404.1527(c) and 416.927(c). In the case of non-examining state agency medical consultants, such as Dr. Dale, the ALJ is not required to adopt the consultant's medical findings, but the ALJ must consider the evidence as appropriate. *See* 20 C.F.R. §§ 404.1513a(b)(1) and 416.913a(b)(1). Furthermore, SSR 96-6p states,

> [f]indings of fact made by State agency medical and psychological consultants . . . regarding the nature and severity of an individual's impairment(s) must be treated as expert opinion evidence of nonexamining sources at the administrative law judge and Appeals Council levels of administrative review. [ALJ's] . . . may not ignore these opinions and must explain the weight given to these opinions in their decisions.

SSR 96-6p, 1996 WL 374180 at *1. As discussed further below, the ALJ's omission of the opinions offered by Dr. Dale and Dr. Wu was harmless error.

**D.    The ALJ's Failure to Specifically Discuss and Weigh the Opinions of Dr. Dale and Dr. Wu Was Harmless Error**

In response to Plaintiff's argument that the omission of the opinions of Dr. Dale and Dr. Wu requires remand, the Commissioner

contends that the specific consideration of those opinions would not have changed the RFC finding, and thus, any error in failing to evaluate and consider the opinions was harmless. For the reasons discussed below, the Court agrees.

In his second decision, the ALJ found that Plaintiff was able to perform medium work (which involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds (*see* 20 CFR §§ 404.1567(c), 416.967(c))), with additional nonexertional limitations, including not working in an environment where the air is not conditioned to OSHA standards for temperature, humidity, gases or particulates. T. 23. Comparatively, Dr. Dale opined that Plaintiff should be able to lift 50 pounds occasionally and 25 pounds frequently, had nonspecific restrictions stooping, bending, and reaching overhead, and had nonspecific respiratory environmental restrictions. T. 531. Dr. Wu simply opined Plaintiff was capable of full-time sedentary work and gave no specific restrictions or limitations. T. 574.

Harmless error applies when it is clear to the Court that the consideration of the omitted opinions would not have changed the RFC finding. *See Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (finding harmless error where the ALJ's consideration of a doctor's report would not have changed the ALJ's determination). Here, the Court finds no reason to conclude that a discussion and weighing of the opinions of Dr. Dale and Dr. Wu in his RFC assessment would

have caused the ALJ to alter his RFC finding. In particular, Dr. Dale's opinion largely comports with the ALJ's RFC finding; the bending, stooping, and reaching component of Dr. Dale's opinion gives no specific limitations and evidently, in Dr. Dale's view, did not erode Plaintiff's ability to perform medium work. *See Clark v. Berryhill*, No. 2018 WL 3069207, at *5 (N.D.N.Y. June 21, 2018) (ALJ's failure to discuss or weigh opinion was harmless error where there was no indication that more explicit consideration would have altered the ALJ's findings); *Jones v. Barnhart*, No. 02Civ.0791(SHS), 2003 WL 941722, at *12 (S.D.N.Y. Mar. 7, 2003) (ALJ committed harmless error by failing to weigh opinions when his decision did not conflict with them).

The ALJ's omission of Dr. Wu's opinion that Plaintiff was capable of performing sedentary work was also harmless error. Dr. Wu's examination of Plaintiff revealed relatively normal findings, other than Plaintiff's low back pain and tenderness. *See* T. 573-74. In particular, Plaintiff exhibited a normal gait, no motor weakness, normal range of motion in her hips and knees, a negative straight leg raising test, and full range of motion in her lumbar spine. *Id*. Dr. Wu provided no specific limitations or reasoning to support her opinion that Plaintiff was capable of only sedentary work. *See* T. 573-74. Furthermore, when Dr. Wu re-examined Plaintiff on December 5, 2012, she noted that Plaintiff had done nothing to address her pain since her previous examination - she

had not gone to a rheumatologist, as Dr. Wu had suggested; she had not gone to counseling for her chronic pain, as Dr. Wu had suggested; and she had not tried water-focused physical therapy, as Dr. Wu had suggested. T. 770. Dr. Wu did not offer a follow-up due to Plaintiff's noncompliance and Plaintiff was discharged back to her primary care physician. T. 772.

Moreover, the overall record provides substantial evidence that Plaintiff was capable of performing a range of medium work. Specifically, Plaintiff testified she would have continued doing her most recent job as a stacker, a medium exertional level position, if she had not been dismissed due circumstantial challenges arising from her DWI arrest that were unrelated to any physical impairments or limitations. *See* T. 61, 372. Also, the medical record contains multiple objective findings showing minimal abnormalities on examination, minor abnormalities on diagnostic imaging, conservative treatment recommendations, and treatment noncompliance. *See, e.g.,* T. 401 (minimal loss of lumbar flexion, lateral flexion and rotation on the right side; moderate loss of lateral flexion and rotation on the left side); 431 (full flexion, extension, lateral flexion bilaterally, and full rotary movement bilaterally of both cervical and lumbosacral spine); 480 (x-rays showing mild disc space narrowing at C4-C5; remaining levels were unremarkable); 629 (normal range of motion in lumbar spine in all directions; range of motion in cervical spine slightly limited in

extension but normal in flexion and lateral rotation; slight limitation of range of motion of the right shoulder in overhead abduction).

Based on the foregoing, the Court finds that it was harmless error for the ALJ to omit a discussion and weighing of Dr. Dale and Dr. Wu's opinions from his decision, since it would not have changed the RFC finding, which is supported by substantial evidence in the record. Accordingly, the Court finds that remand on this basis is not warranted.

**II.  The ALJ Properly Evaluated the Opinion of Dr. Gaspar**

Plaintiff further argues the ALJ failed to give good reasons for rejecting the opinion of Plaintiff's treating physician, Dr. Gaspar. For the reasons set forth below, the Court finds this argument lacks merit.

On May 5, 2012, Dr. Gaspar completed a medical source statement of Plaintiff's ability to do physical work-related activities. T. 567-70. Dr. Gaspar opined Plaintiff could occasionally lift less than ten pounds, but no more. He opined Plaintiff could stand and/or walk for less than three hours total during an eight-hour workday; must periodically be allowed to alternate between sitting and standing to relieve pain or discomfort; and had limitations in pushing and/or pulling in both her upper and lower extremities. T. 567-68. He further opined Plaintiff could occasionally climb ramps, stairs, ladders, ropes

and scaffolds; and occasionally balance, kneel, crouch, crawl and stoop. *Id*. Dr. Gaspar opined Plaintiff was limited in reaching in all directions, including overhead, but was unlimited in her ability to perform gross and fine manipulations (handling and fingering) and could do so frequently. T. 569. Finally, Dr. Gaspar opined Plaintiff should have limited exposure to temperature extremes, dust, vibrations, humidity and wetness, hazards, fumes, odors, chemicals, and gases. T. 570.

In his second decision, the ALJ gave Dr. Gaspar's opinion "little" weight because his opinion was not consistent with the medical evidence of record. In particular, the ALJ noted that Dr. Gaspar opined that Plaintiff was unable to lift ten pounds occasionally was not supported by clinical notes, which showed Plaintiff reported spending time outside cleaning in the area of her garden in June 2012. Also, in an April 2013 exam, a nurse practitioner reported that Plaintiff had normal strength and muscle tone. T. 26. The ALJ noted additional unremarkable examinations on November 8, 2012; December 11, 2012; and December 16, 2014. The ALJ further noted that Dr. Gaspar's opinion was internally inconsistent in that it stated Plaintiff was unlimited in handling and fingering yet could only do those activities frequently. T. 26.

In the Commissioner's regulations in place at the time the ALJ issued his decision, a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by

medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Green-Younger*, 335 F.3d at 106. An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004). When making this determination, the ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6), 416.927(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31-32).

In his decision, the ALJ found Dr. Gaspar's opinion inconsistent with the medical record as a whole. Moreover, the ALJ found that Dr. Gaspar's opinion was internally inconsistent. T. 26.

The Court finds no error in the ALJ's conclusions. As discussed above, the ALJ supported his decision to afford little weight to Dr. Gaspar's opinion with specific examples from the record, including Dr. Gaspar's treatment notes which indicated Plaintiff had been outside cleaning in the area of her garden (T. 589), which was inconsistent with his opinion that Plaintiff could not lift even ten pounds occasionally. *See Shaffer v. Colvin*, No. 1:14-CV-00745 (MAT), 2015 WL 9307349, at *4 (W.D.N.Y. Dec. 21, 2015) (ALJ properly rejected treating physician's opinion where it was inconsistent with his own treatment notes).

Additionally, the ALJ noted several unremarkable musculoskeletal examinations with findings inconsistent with Dr. Gaspar's opinion. *See* T. 26 *citing* T. 768, 776, 781, 783. "[T]he opinions of a treating physician need not be given controlling weight where they are contradicted by other substantial evidence in the record." *Cruz v. Astrue*, 941 F. Supp.2d 483, 496 (S.D.N.Y. 2013) (internal quotation omitted). Furthermore, the ALJ found that Dr. Gaspar generally overstated Plaintiff's limitations in his opinion, which was internally inconsistent in the record. T. 26. "A physician's opinions are given less weight when his opinions are internally inconsistent." *Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012). Accordingly, the Court finds the ALJ properly explained his reasoning and made his adherence to the regulations clear. *See Atwater*, 512 F. App'x at 70.

The Court also disagrees with Plaintiff's argument that the ALJ relied on a selective reading of the medical record to support his decision, which gave less than controlling weight to Dr. Gaspar's opinion. The ALJ cited multiple examples of objective findings throughout the decision that conflicted with the extreme limitations to which Dr. Gaspar opined. *See* T. 25-27. Furthermore, the Court notes that Dr. Gaspar failed to support his own opinion with any objective findings. *See* T. 567-70. These were appropriate considerations for the ALJ to take into account when weighing Dr. Gaspar's opinion and affording it less than controlling weight. *See Burgess*, 537 F.3d at 129. Accordingly, the Court finds that the ALJ's decision to give less than controlling weight to Plaintiff's treating physician is supported by substantial evidence of record and remand is not warranted.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings (Docket No. 14) is denied and the Commissioner's motion for judgement on the pleadings (Docket No. 17) is granted. Plaintiff's complaint is dismissed in its entirety with prejudice. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge


Dated:      April 23, 2019
            Rochester, New York